#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Gordon Grimmer and Rhonda Grimmer, <br><br> Plaintiffs, <br><br> vs. <br><br> Halliburton Energy Services, Inc., <br><br> Defendant. | Case No. 1:25-cv-00096 |

### ORDER REGARDING SUBJECT MATTER JURISDICTION

[¶1]  THIS MATTER comes before the Court upon an initial review of the Defendant's Notice of Removal filed on April 30, 2025. Defendant removed this case from North Dakota state court on diversity jurisdiction grounds asserting 28 U.S.C. §§ 1332, 1441, and 1446 as the statutory bases for removal. Doc. No. 1.

[¶2]  In diversity actions, the Court only has jurisdiction to hear cases between citizens of different states where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Federal courts have limited jurisdiction and must raise the jurisdictional question *sua sponte* if the record is unclear whether the Court has subject matter jurisdiction. Nuevos Destinos, LLC v. Peck, 999 F.3d 641, 646 (8th Cir. 2021); Mt. Healthy City Sch. Dist. Bd. Of Educ. V. Doyle, 429 U.S. 274, 278 (1977).

[¶3]  At this time, the Court cannot determine whether the case is appropriate for removal based on diversity jurisdiction. The Notice of Removal indicates there is diversity of citizenship because "Plaintiffs are residents of North Dakota." Doc. No. 1, ¶ 12. The Complaint essentially says the same. Doc. No. 1-1, ¶ 1 ("Plaintiffs are married and North Dakota residents."). It is alleged

Defendant Halliburton Energy Services, Inc. is a citizen of both Delaware and Texas. Doc. No. 1, ¶ 13.

[¶4]    The problem, however, is that individuals can be residents of multiple states. Hargett v. RevClaims, LLC, 854 F.3d 962, 965 (8th Cir. 2017). For example, it is common in North Dakota for people to be "snowbirds" in southern states to avoid the frigid winter temperatures here. In that event, those individuals are residents of North Dakota during the warm months and residents of a southern state during the winter months. But that does not make them citizens of both. See id. Indeed, "citizenship requires permanence" while "[r]esidency is a more fluid concept." Id. So a resident of North Dakota, or any state, can only have the citizenship of one state but they could have residences in two or more states. See id.

[¶5]    Here, the Notice of Removal and Complaint only allege North Dakota as the Plaintiffs' state of residency. Currently, it is unclear where the Plaintiffs are citizens and, as a result, it is unclear whether there is proper diversity jurisdiction. Because this is a removal action, the removing defendant must establish diversity jurisdiction and may do so by filing an amended notice of removal to allege the state of citizenship of the Plaintiffs. See Nuevos Destinos, LLC v. Peck, 999 F.3d 641, 646 (8th Cir. 2021) (noting the party asserting subject matter jurisdiction may amend to properly allege citizenship).

[¶6]    Failure to properly allege the Plaintiffs' citizenship in an amended Notice of Removal by **May 14, 2025**, will result in a remand of this case back to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" and an order to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

[¶7] **IT IS SO ORDERED.**

DATED April 30, 2025.

                                                     Daniel M. Traynor, District Judge
                                                     United States District Court