## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

Gordon Grimmer and Rhonda Grimmer,

Plaintiff,

vs.

Halliburton Energy Services, Inc.,
FieldBridge Energy, LLC, and
Wal M. Bang Khat,

Defendant.

Civil No. 1:25-cv-00096

---

## FIRST AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiffs Gordon Grimmer ("**Gordon**") and Rhonda Grimmer ("**Rhonda**") (collectively "**Plaintiffs**"), by and through their undersigned legal counsel for their First Amended Complaint alleges and shows to the Court as follows:

## PARTIES

¶ 1    Plaintiffs are married and North Dakota residents.

¶ 2    Defendant Halliburton Energy Services, Inc. ("**Haliburton**") is a Delaware-formed company with its principal place of business in Texas.

¶ 3    Defendant FieldBridge Energy, LLC ("**FieldBridge**") is a Texas-formed company with its principal place of business in Texas.

¶ 4    Defendant Wal M. Bang Khat ("**Khat**") is a North Dakota resident.

## FACTS

¶ 5    Plaintiffs incorporate all previous paragraphs of this Complaint as if fully alleged herein.

¶ 6    Unless otherwise specified, the following allegations relate to a workplace injury in Williston, North Dakota, on September 2, 2023.

¶ 7    Plaintiff Gordon was employed by Chamley Pipe & Salvage as a truck driver.

¶ 8    Gordon was performing his duties, which included emptying large, open-top metal recycling containers in various locations around Williston, North Dakota.

¶ 9    One of these containers was placed in an empty lot on 1st Street E, near one of Defendant Halliburton's locations.

¶ 10    At that location, large, heavy household appliances were on the ground next to the container. The appliances needed to be inside the container to be loaded into Gordon's truck.

¶ 11    Gordon went to Haliburton's facility to get help loading the appliances into the container.

¶ 12    Gordon asked individuals present at Haliburton's facility for help.

¶ 13    Defendant Khat agreed or was instructed to help Gordon.

¶ 14    Upon information and belief, Khat was employed by FieldBridge, and FieldBridge was employed by Halliburton. Halliburton owned the forklift and made it available to Khat for use.

¶ 15    Khat drove a forklift from Halliburton's facility to the empty lot to help Gordon.

¶ 16    Khat negligently failed to address safety issues with Gordon, like the "Danger Zone" hazard, before helping Gordon.

¶ 17    Khat negligently operated the forklift while Gordon was too close to the forklift.

¶ 18    Khat's negligent actions and inactions violated general industry safety standards and specific safety standards for operating the forklift.

¶ 19    As a proximate result, Gordon's left foot was run over by the forklift, causing severe injuries.

¶ 20    Plaintiffs' injuries are alleged below.

### COUNT ONE

#### Negligence - Khat

¶ 21    Plaintiffs incorporate all previous paragraphs of this Complaint as if fully alleged herein.

¶ 22    Upon information and belief, and subject to completing discovery, Plaintiffs make the following allegations.

¶ 23    Defendant Khat owed a duty to care to act prudently to avoid injuring others. Khat owed a duty to operate the forklift prudently to avoid injuring others. In using the forklift to work with and around Gordon, Khat owed a duty to warn Gordon about hazards associated with working around

the forklift. Khat owed a duty to ensure the forklift was safe to use before using it to assist Gordon. Khat owed a duty to follow all industry safety standards and procedures applicable to operating the forklift.

¶ 24    Khat breached his duties of care by negligently:

    a.  Failing to warn Gordon about the "Danger Zone" and other hazards of working around a forklift,

    b.  Operating the forklift while Gordon was in the "Danger Zone" or too close to the forklift,

    c.  Failing to keep proper lookout and control over the forklift,

    d.  Operating the forklift when it was in an unsafe condition, and

    e.  Committing other acts or omissions currently unknown but will be learned during discovery.

¶ 25    Khat's negligence described herein proximately caused injuries to Plaintiffs.

¶ 26    Plaintiffs' injuries are alleged below.

## COUNT TWO

### Negligence – Halliburton and FieldBridge

¶ 27    Plaintiffs incorporate all previous paragraphs of this Complaint as if fully alleged herein.

¶ 28    Upon information and belief, and subject to completing discovery, Plaintiffs make the following allegations.

¶ 29    This count applies to the full extent that Defendant Khat was a direct employee of Defendants Halliburton and FieldBridge.

¶ 30    Halliburton and FieldBridge owed a duty to properly train, supervise, and monitor their employees, including Khat, to ensure that their conduct did not pose an unreasonable risk of harm to others.

¶ 31    Halliburton and FieldBridge breached these duties by failing to adequately train Khat, failing to supervise his conduct, and failing to implement or enforce safety protocols that would have prevented the incident that caused Plaintiff's injuries.

¶ 32    Halliburton and FieldBridge knew or should have known that Khat was unfit or incompetent to operate the forklifts, but continued to employ and allow him to operate forklifts, placing others at risk.

¶ 33    Halliburton and FieldBridge's negligence described herein proximately caused injuries to the Plaintiffs.

¶ 34    Plaintiffs' injuries are alleged below.

## COUNT THREE

### Vicarious Liability, Imputed Negligence, Respondeat Superior – Halliburton and FieldBridge

¶ 35    Plaintiffs incorporate all previous paragraphs of this Complaint as if fully alleged herein.

¶ 36    Upon information and belief, and subject to completing discovery, Plaintiffs make the following allegations.

¶ 37    Defendants Haliburton and FieldBridge are liable for the acts and omissions of Defendant Khat under the doctrine of vicarious liability. At all relevant times, Khat was acting within the course and scope of his employment with Haliburton and/or FieldBridge, performing tasks assigned to him and furthering the business interests of Haliburton and/or FieldBridge. As such, Haliburton and/or FieldBridge are responsible for Khat's conduct, including the negligent acts that caused injury to Plaintiffs.

## COUNT FOUR

### Liability for Independent Contractors – Halliburton

¶ 38    Plaintiffs incorporate all previous paragraphs of this Complaint as if fully alleged herein.

¶ 39    Upon information and belief, and subject to completing discovery, Plaintiffs make the following allegations.

¶ 40    This count applies to the full extent that Defendants Khat and/or FieldBridge were acting as independent contractors for Defendant Halliburton.

¶ 41    Defendant Halliburton is liable for the negligent acts of FieldBridge and Khat under multiple theories of liability, including but not limited to:

a. Negligent Retained Control – negligent exercise of control over the manner, method, or means of FieldBridge and Khat's work,

b. Negligent Supervision – negligently failing to adequately monitor and oversee FieldBridge and Khat's conduct,

c. Negligent Entrustment – negligently providing FieldBridge and Khat with equipment, authority, or responsibilities that they were unfit to handle safely,

d. Negligent Hiring – negligently selecting or retaining FieldBridge and Khat despite knowledge, or reason to know, of their unfitness,

e. Agency or Joint Venture – by operating in a manner that created a legal relationship of control or shared enterprise, and

f. Apparent Authority – by holding FieldBridge and Khat out as acting on behalf of Halliburton, or by failing to correct that appearance.

¶ 42    Halliburton's negligence relating to independent contractors proximately caused injuries to Plaintiffs.

¶ 43    Plaintiffs' damages are alleged below.

## COUNT FIVE

### Liability for Independent Contractors – FieldBridge

¶ 44    Plaintiffs incorporate all previous paragraphs of this Complaint as if fully alleged herein.

¶ 45    Upon information and belief, and subject to completing discovery, Plaintiffs make the following allegations.

¶ 46    This count applies to the full extent that Defendant Khat was acting as an independent contractor for Defendant FieldBriedge.

¶ 47    Defendant FieldBridge is liable for the negligent acts of Khat under multiple theories of liability, including but not limited to:

a. Negligent Retained Control – negligent exercise of control over the manner, method, or means of Khat's work,

b. Negligent Supervision – negligently failing to adequately monitor or oversee Khat's conduct,

c. Negligent Entrustment – negligently providing Khat with equipment, authority, or responsibilities that he was unfit to handle safely,

d. Negligent Hiring – negligently selecting or retaining Khat despite knowledge, or reason to know, of his unfitness,

e. Agency or Joint Venture – by operating in a manner that created a legal relationship of control or shared enterprise, and

f. Apparent Authority – by holding Khat out as acting on behalf of FieldBridge, or by failing to correct that appearance.

¶ 48    FieldBridge's negligence relating to independent contractors proximately caused injuries to Plaintiffs.

¶ 49    Plaintiffs' damages are alleged below.

## DAMAGES

¶ 50    Plaintiffs incorporate all previous paragraphs of this Complaint as if fully alleged herein.

¶ 51    Plaintiffs' damages described herein were proximately caused by the Defendants' collective negligence outlined above.

¶ 52    Plaintiff Gordon suffered and will continue to suffer economic and non-economic damages as defined by § 32-03.2-04 of the North Dakota Century Code, in an amount to be determined at trial.

¶ 53    Plaintiff Rhonda suffered and will continue to suffer loss of companionship, society, and consortium of Gordon as defined by § 32-03.2-04 of the North Dakota Century Code, in an amount to be determined at trial.

## PRAYER FOR RELIEF

¶ 54    WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against the Defendants in favor of the Plaintiffs,

b. Plaintiff Gordon be awarded past and future economic damages in such proper compensatory amounts as will be proven at trial,

c. Plaintiff Gordon be awarded a reasonable sum of past and future non-economic damages in an amount to be shown and proven at trial, but not less than $50,000.00,

d.  <u>Plaintiff Rhonda</u> be awarded a reasonable sum of past and future loss of companionship, society, and consortium of Gordon in an amount to be shown and proven at trial, but not less than $50,000.00,

e.  Plaintiffs be awarded interest on their damages at the statutory rate,

f.  Plaintiffs be awarded fees, costs, and disbursements to the full extent allowed by law, and

g.  Any other relief the Court deems just and fair.

Dated this _6th_ day of November 2025.

**SCHWEIGERT, KLEMIN, & McBRIDE, P.C.**
116 North 2nd Street
P.O. Box 955
Bismarck, North Dakota 58502-0955
P: (701) 258-8988
F: (701) 258-8486

By: _____
David D. Schweigert
ND State Bar ID# 05123
dschweigert@bkmpc.com

Cody J. Nichols
ND State Bar ID# 09141
cnichols@bkmpc.com

*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

A trial by jury of nine persons is hereby demanded on all issues.


Dated this 6th day of November 2025.

<div style="margin-left:40%">

**SCHWEIGERT, KLEMIN, & McBRIDE, P.C.**
116 North 2nd Street
P.O. Box 955
Bismarck, North Dakota 58502-0955
P: (701) 258-8988
F: (701) 258-8486

By:  _____
David D. Schweigert
ND State Bar ID# 05123
dschweigert@bkmpc.com

Cody J. Nichols
ND State Bar ID# 09141
cnichols@bkmpc.com

*Attorneys for Plaintiff*

</div>