**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Gordon Grimmer and Rhonda Grimmer,<br><br>Plaintiff,<br><br>vs.<br><br>Halliburton Energy Services, Inc.,<br>FieldBridge Energy, LLC, and<br>Wal M. Bang Khat,<br><br>Defendant. | Case No. 1:25-cv-00096 |

---

**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

---

COMES NOW Plaintiffs Gordon Grimmer ("**Gordon**") and Rhonda Grimmer ("**Rhonda**") (collectively "**Plaintiffs**"), by and through their undersigned legal counsel for *Plaintiffs' Response to the Court's Order to Show Cause Regarding Subject Matter Jurisdiction* (ECF No. 19).

## BACKGROUND

This is a personal injury action arising from a worksite incident in Williston, North Dakota, on September 2, 2023. [ECF 15, ¶¶ 6–20.] Plaintiff Gordon Grimmer sustained severe injuries when his foot was run over by a forklift operated negligently. [Id.] It was initially believed that the forklift operator was employed by Defendant Halliburton Energy Services, Inc. ("Halliburton"). [ECF 1-1.]

This is a personal injury action arising from a worksite incident in Williston, North Dakota, on September 2, 2023. [ECF 15, ¶¶ 6–20.] Plaintiff Gordon sustained severe injuries when his foot was run over by a forklift operated negligently. [Id.] It was initially believed that the forklift operator was employed by Defendant Halliburton Energy Services, Inc. ("**Halliburton**"). [ECF 1-1.]

On April 8, 2025, Plaintiffs commenced this lawsuit against Halliburton in North Dakota District Court, Williams County, Northwest Judicial District. [ECF Nos. 1-1, 1-2.] Halliburton subsequently removed the action to federal court. [ECF Nos. 1, 2, 3.]

After exchanging initial disclosures and written discovery, Plaintiffs obtained additional information regarding their claims. Plaintiffs now believe the forklift operator was Defendant Wal M. Bang Khat ("**Khat**"), who was directly or indirectly employed by Defendants Halliburton and FieldBridge Energy, LLC ("**FieldBridge**") at the time of the incident. [ECF 15, ¶ 14.] Pursuant to Fed.R.Civ.P. 15(a)(2), the parties filed a *Joint Motion and Stipulation to Amend the Complaint* to add Khat and FieldBridge as defendants. [ECF No. 13.] On November 6, 2025, the Court adopted the stipulation and permitted Plaintiffs to file their *Amended Complaint and Demand for Jury Trial.* [ECF 13-1, 15.]

In its *Order to Show Cause Regarding Subject Matter Jurisdiction*, the Court seeks to confirm its jurisdiction over this matter. [ECF 19.] Specifically, the Court noted that the citizenship of Defendants FieldBridge and Khat is unclear based on the *First Amended Complaint*. [Id.] The Court ordered Plaintiffs to show cause by December 15, 2025, why the case should not be dismissed for lack of subject matter jurisdiction, either by providing the missing citizenship details or filing a Second Amended Complaint. [Id.]

However, the Plaintiffs' preference is to return to North Dakota state court, where this action was originally started. Since this matter was removed by a defendant, Plaintiffs take the position that the burden should rest on the Defendants to provide the information necessary to satisfy the Court's Order to Show Cause if they wish to maintain this matter in federal court.

## LAW & ARGUMENT

### A. Burden to Establish Jurisdiction

The party invoking federal jurisdiction bears the burden of proving it exists. *Doe v. SSM Health Care Corp.*, 126 F.4th 1329, 1333 (8th Cir. 2025); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). Here, Halliburton

removed this case from North Dakota state court. [ECF Nos. 1, 2, 3.] Since Defendants invoked this Court's jurisdiction, they should carry the burden to establish complete diversity. If Defendants cannot do so, the Plaintiffs agree the Court should dismiss the case.

## B. Dismissal Without Prejudice

Dismissals for lack of subject matter jurisdiction must be without prejudice, allowing parties to refile in a court of competent jurisdiction.  Fed.R.Civ.P.  41(b); see also *Ringsby Truck Lines, Inc. v. Beardsley*, 331 F.2d 14, 19 (8th Cir. 1964); *Sorenson v. Sorenson*, 64 F.4th 969, 973–74 (8th Cir. 2023) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice so that plaintiffs may reassert their claims in a competent court." (cleaned up)); *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004).  This principle ensures that jurisdictional defects do not bar substantive claims. Accordingly, if the Court determines jurisdiction is lacking, Plaintiffs respectfully request dismissal without prejudice so they may proceed in North Dakota state court.

## CONCLUSION

For these reasons, Plaintiffs respectfully request the Court issue an order requiring the Defendants to establish federal jurisdiction in this matter, and if they cannot, that this matter be dismissed without prejudice, enabling the Plaintiffs to proceed in North Dakota state court.

Dated this 14th day of December 2025.

> **SCHWEIGERT, KLEMIN, & McBRIDE, P.C.**
> 116 North 2nd Street
> P.O. Box 955
> Bismarck, North Dakota 58502-0955
> P: (701) 258-8988
> F: (701) 258-8486
>
> By: _____
> David D. Schweigert
> ND State Bar ID# 05123
> dschweigert@bkmpc.com
> Cody J. Nichols
> ND State Bar ID# 09141
> cnichols@bkmpc.com
>
> **Attorneys for Plaintiffs**