IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Case No: 1:25-cv-00096-DVT-CRH

|  |  |
|---|---|
| Gordon Grimmer and Rhonda Grimmer, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Halliburton Energy Services, Inc., Fieldbridge Energy, LLC, and Wal M. Bang Khat, | ) ) ) ) |
| Defendants. | ) ) |

_____

**DEFENDANTS FIELDBRIDGE ENERGY, LLC, AND WAL M. BANG KHAT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

_____

Defendants FieldBridge Energy, LLC, and Wal M. Bang Khat (collectively "Answering Defendants"), for their Answer to Plaintiffs' First Amended Complaint, state and allege as follows:

1. Deny each and every matter alleged in the First Amended Complaint except those which are hereinafter specifically admitted, explained, or qualified:

2. With respect to the allegations contained in Paragraphs 1 and 2 of the First Amended Complaint, the Answering Defendants are without sufficient knowledge or information to either admit or deny such factual allegations, and on that basis deny the same.

3. Admit the allegations contained in Paragraphs 3 of the First Amended Complaint.

4.    Deny the allegations contained in Paragraph 4 of the First Amended Complaint.

5.    For Paragraphs 5 and 6 of the First Amended Complaint, such Paragraphs do not contain allegations which require a response from the Answering Defendants. To the extent a response may be required, the Answering Defendants deny the same.

6.    With respect to the allegations contained in Paragraph 7 through 12 of the First Amended Complaint, the Answering Defendants are without sufficient knowledge or information to either admit or deny such factual allegations, and on that basis deny the same.

7.    With respect to the allegations contained in Paragraph 13 of the First Amended Complaint, the Answering Defendants admit only that Wal M. Bang Khat was instructed by a representative of Halliburton Energy Services, Inc., to assist Plaintiff Gordon Grimmer. The Answering Defendants deny all remaining allegations in Paragraph 13 of the First Amended Complaint.

8.    With respect the allegations contained in Paragraph 14 of the First Amended Complaint, the Answering Defendants admit that Wal M. Bang Khat was an employee of FieldBridge Energy, LLC, but was working under the express direction and supervision of Halliburton Energy Services, Inc. at the time of the incident. The Answering Defendants also admit that the forklift was owned and provided by Halliburton Energy Services, Inc.

9.    With respect to the allegations contained in Paragraph 15 of the First Amended Complaint, the Answering Defendants admit only that Wal M. Bang Khat was operating a forklift at the direction of Halliburton Energy Services, Inc., at the time of the incident. The Answering Defendants are without sufficient knowledge or information to

2

either admit or deny all remaining allegations in Paragraph 15 and on this basis deny the same.

10.    With respect to the allegations contained in Paragraphs 16 through 19 of the First Amended Complaint, the Answering Defendants specifically deny such allegations and affirmatively assert that Wal M. Bang Khat did not act negligently or breach any duty of care with respect to the incident.

11.    For Paragraphs 21 and 22 of the First Amended Complaint, such Paragraphs do not contain allegations which require a response from the Answering Defendants. To the extent a response may be required, the Answering Defendants deny the same.

12.    Paragraph 23 of the First Amended Complaint asserts only legal conclusions or opinions for which no response is required. To the extent a response may be required, the Answering Defendants deny all such allegations in their entirety.

13.    With respect to the allegations contained in Paragraphs 24 and 25 of the First Amended Complaint, the Answering Defendants specifically deny such allegations and affirmatively assert that Wal M. Bang Khat did not act negligently or breach any duty of care with respect to the incident.

14.    For Paragraphs 27 through 29 of the First Amended Complaint, such Paragraphs do not contain allegations which require a response from the Answering Defendants. To the extent a response may be required, the Answering Defendants deny the same.

15.    Paragraph 30 of the First Amended Complaint asserts only legal conclusions or opinions for which no response is required. To the extent a response may be required, the Answering Defendants deny the allegations contained in Paragraph 30.

16.    With respect to the allegations contained in Paragraphs 31 through 33 of the First Amended Complaint, the Answering Defendants specifically deny that FieldBridge Energy, LLC, breached any legal duty of care or otherwise acted negligently. All remaining allegations contained in Paragraphs 31 through 33 are directed at parties other than the Answering Defendants, and as such, no response is required. To the extent a response may be required, the Answering Defendants deny the same.

17.    For Paragraphs 35 through 42 of the First Amended Complaint, such Paragraphs do not contain allegations which require a response from the Answering Defendants. To the extent a response may be required, the Answering Defendants deny the same.

18.    For Paragraphs 44 through 46 of the First Amended Complaint, such Paragraphs do not contain allegations which require a response from the Answering Defendants. To the extent a response may be required, the Answering Defendants deny the same.

19.    With respect to the allegations contained in Paragraphs 47 and 48 of the First Amended Complaint, the Answering Defendants specifically deny all such allegations in their entirety.

20.    For Paragraph 50 of the First Amended Complaint, such Paragraphs do not contain allegations which require a response from the Answering Defendants. To the extent a response may be required, the Answering Defendants deny the same.

21.    With respect to the allegations contained in Paragraph 51 of the First Amended Complaint, the Answering Defendants specifically deny all such allegations in their entirety.

22.   For the allegations contained in Paragraph 52 of the First Amended Complaint, The Answering Defendants deny all such allegations.

23.   For the allegations contained in Paragraph 53 of the First Amended Complaint, The Answering Defendants deny all such allegations.

24.   With respect to the allegations set forth in Paragraph 54, which appears as a "WHEREFORE" clause, the Answering Defendants deny all such allegations and place upon Plaintiffs the legal and factual proof which would justify an award of any damages or other relief in this matter.

**<u>DEFENSES</u>**

25.   Assert that Plaintiffs' First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

26.   Assert that Plaintiffs' alleged injuries and damages, if any, are the direct and proximate result of the acts, omissions, or fault of other parties, including Plaintiffs, for which the Answering Defendants bear no legal responsibility. Therefore, any recover may be barred or reduced pursuant to the doctrine of comparative fault.

27.   The Answering Defendants deny that FieldBridge Energy, LLC, or Wal M. Bang Khat were negligent or otherwise violated any standard of care, rule, or regulation.

28.   The Answering Defendants deny that FieldBridge Energy, LLC, or Wal M. Bang Khat proximately caused Plaintiffs' alleged injuries or damages.

29.   Assert Plaintiffs' alleged damages asserted in the First Amended Complaint are not of the nature or to the extent alleged.

30.   Assert Plaintiffs' damages, if any, were caused in whole or in part by Plaintiffs' own failure to take reasonable steps to avoid injury.

31.   Assert Plaintiffs' have failed to mitigate their damages.

32.     Assert there are, or may be, intervening or superseding causes of Plaintiffs' alleged injuries and damages.

33.     Assert Plaintiffs' alleged damages may be subject to collateral source payments under North Dakota law.

34.     The Answering Defendants reserve the right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based on the facts and issues disclosed during the course of additional investigation and discovery.

35.     **WHEREFORE**, the Answering Defendants pray Plaintiffs' First Amended Complaint be in all things dismissed, with prejudice, and that the Answering Defendants receive their costs and disbursements, and such other relief as may be deemed just and equitable by the Court.

Dated this 5th day of January, 2026.

ES ATTORNEYS
Attorneys for Defendants
FieldBridge Energy, LLC, and
Wal M. Bang Khat
1100 College Drive, Suite 5
Bismarck, ND 58501
Telephone: 701-751-1243


BY:   __/s/ John E. Ward_____
        John E. Ward (ID# 07495)
        jward@esattorneys.com
        Ryan J. Joyce (ID# 09549)
        rjoyce@esattorneys.com

## DEMAND FOR TRIAL BY JURY

Defendants FieldBridge Energy, LLC, and Wal M. Bang Khat demand a jury of nine persons with respect to all triable issues in this lawsuit.

Dated this 5th day of January, 2026.

ES ATTORNEYS
Attorneys for Defendants
FieldBridge Energy, LLC, and
Wal M. Bang Khat
1100 College Drive, Suite 5
Bismarck, ND 58501
Telephone: 701-751-1243

BY: __/s/ John E. Ward_____
John E. Ward (ID# 07495)
jward@esattorneys.com
Ryan J. Joyce (ID# 09549)
rjoyce@esattorneys.com